(140 App. Div. 432.)

### SCHENCK et ux. v. BOYD et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. PARTITION (§ 86*)—ISSUES—ADJUSTMENT OF RENTS.

Code Civ. Proc. § 1589, authorizing the court in partition to adjust the rights of the parties to rents, contemplates such an adjustment though all the parties are not interested in the question; and a plaintiff in partition may properly make the persons who have been in possession of the property and who have received rents parties for that purpose.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 86.*]

2. ACTION (§ 50*)—JOINDER—PARTITION—ADJUSTMENT OF RENTS.

Under Code Civ. Proc. § 484, authorizing plaintiff to unite two or more causes of action on claims arising out of the same transaction, and section 1589, authorizing the court in partition to adjust the question of rents, a plaintiff, suing for partition of land of which his mother died seised, on the theory that he was born after the execution of her will disposing of the land without making any provision for him, may join with the action an action for rents against the various persons who have been in possession since the death of the mother and against the administratrix of one of such persons, to compel an accounting and adjustment of the rents.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 50.*]

Appeal from Special Term, New York County.

Action by Remsen Schenck and another against Elise Boyd, individually and as administratrix of Robert Boyd, deceased, and others. From an interlocutory judgment, overruling separate demurrers interposed by Elise Boyd, in her individual and in her representative capacity, to the complaint, she appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Edward W. S. Johnston, for appellant.
Joseph M. Allen, for respondents.

MILLER, J. The only serious question in this case is whether there is a misjoinder of causes of action. The plaintiff Remsen Schenck, as heir at law of Minnie Ten Eyck Schenck, brings this action to partition real property of which she died seised and possessed. She left a will, by the terms of which she devised and bequeathed all her property to her husband, Remsen Schenck. She was survived by said husband and by three sons, the plaintiff, Remsen Schenck, Jr., Reginald Schenck, and Remsen Langdon Schenck. Two of them, the plaintiff and Remsen Langdon Schenck, were born after the will was made, and were neither mentioned in the will nor provided for by it or by any settlement. The said Remsen Langdon Schenck died, leaving the plaintiff and said Reginald H. Schenck his only heirs at law. The husband, Remsen Schenck, undertook to convey the property to said Robert Boyd. The latter conveyed to Elise Boyd, and she conveyed to Hermine Furst and took back a mortgage for $24,000, and Hermine Furst conveyed to Alfred Furst. So that, upon the plaintiff's showing, he is entitled to an undivided three-sixths, subject

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the inchoate right of dower of his wife; the defendant Reginald H. Schenck is entitled to an undivided one-sixth, subject to the inchoate right of dower of his wife; and the defendant Alfred Furst, is entitled to an undivided two-sixths, subject to the mortgage hereinbefore referred to and one other, and to the inchoate right of dower of his wife. The plaintiffs allege that the said Robert Boyd and the defendants, Elise Boyd, Hermine Furst, and Alfred Furst, each during stated terms, collected and have retained all the rents, issues, and profits of the premises, sought to be partitioned; and the plaintiff asks that Elise Boyd, individually and as administratrix of Robert Boyd, Hermine Furst, and Alfred Furst be required to account.

The appellant asserts that it is improper to join an action for rents against a former owner of an undivided share with an action to partition the real property. Section 1589 of the Code of Civil Procedure provides:

"Nothing contained in this article prevents the court from adjusting, in the interlocutory or final judgment, or otherwise, as the case requires, the rights of one or more of the parties, as against any other party or parties, by reason of the receipt, by the latter, of more than his or their proportion of the rents or profits of a share, or part of a share."

That section plainly contemplates that there may be an adjustment of rents, even though all the parties are not interested in the question. Elise Boyd, individually, Hermine Furst, and Alfred Furst were necessary parties; and it is therefore unquestioned that the plaintiff could properly call them, or any one of them, to account in this action for rents collected.

But it is claimed that Elise Boyd, as administratrix of Robert Boyd, is neither a necessary nor a proper party, that the cause of action against her for rents collected by her intestate is independent of the action to partition the property, and that there is, therefore, a misjoinder. At first blush there seems to be force in the appellant's contention. Section 484 of the Code of Civil Procedure provides:

"The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: * * * (9) Upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. * * * But it must appear, on the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action; and it must appear upon the face of the complaint, that they do not require different places of trial."

The subject of the action in this case is the real property, and the claim for rent certainly arises out of a transaction connected with that subject. The plaintiff's right to maintain an action to partition the real property, as well as his right to maintain an action to compel Elise Boyd, as administratrix of Robert Boyd, to account for the rents collected by the latter, depends upon whether he was born after the making of the will of Minnie Ten Eyck Schenck, and whether he was mentioned in said will or in any manner provided for in it, or by any settlement. The defendants are all interested in that question. In-

deed, that is the important question in the case, which will determine the rights of all. The statute should be so construed as to prevent multiplicity of suits, whenever such a construction is permissible. We think that this case plainly falls within section 484 of the Code of Civil Procedure, and that there was no misjoinder.

We have considered, but do not deem it necessary to discuss herein, the other points made by the appellant.

The judgment should be affirmed, with costs, and with leave to defendant to withdraw demurrer and answer, on payment of costs in this court and in the court below. All concur.